IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
FEB 27 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GEORGE BUTLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 4786 |
| OFFICERS CATERINO, RENE ESPERICUETA, #4490, ALEX ERRUM, #15413, GARZA, #13251 LEOPOLDO MORALES, #4779, JOSEPH O'CONNOR, EDWARD PAKULA, #18787, HENRY PEREZ, JOHN DOE, JOHN MOE AND THE CITY OF CHICAGO, A MUNICIPAL CORPORATION | ) MAGISTRATE JUDGE KEYS |
| Defendants. | ) |

DOCKETED
MAR 0 1 2004

## AMENDED COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331 and 1343(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff George Butler, is an African-American male and citizen of the United States, and resident of Chicago, Illinois.

3. Defendant Officer Caterino, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Rene Espericueta is being sued individually.

4. Defendant Officer Rene Espericueta, Star# 4490, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint,

14

acting within the scope of their employment and under color of law. Defendant Officer Rene Espericueta is being sued individually.

5. Defendant Officer Alex Errum, Star# 15413, are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Alex Errum is being sued individually.

6. Defendant Officer Garza, Star# 13251, are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Garza is being sued individually.

7. Defendant Officer Leopoldo Morales, Star #4779 are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Morales is being sued individually.

8. Defendant Officer Joseph O'Connor, are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Joseph O'Connor is being sued individually.

9. Defendant Officer Edward Pakula, are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Edward Pakula is being sued individually.

10. Defendant Officer Henry Perez, are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officer Henry Perez is being sued individually.

11. The City of Chicago, is a municipal corporation within the State of Illinois, and was at all times material to this Complaint, the employer of defendant police officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor.

## FACTS

12. On March 18, 2003, in the evening, Plaintiff George Butler was out with his friends and acquaintances driving in the area of 18th and Ashland in Chicago, Illinois.

13. While they were driving, passengers of an unknown vehicle threw an object at the vehicle in which George was a passenger. The driver of that vehicle began to pursue the unknown vehicle.

14. Eventually, defendant officers observed this pursuit and ordered the driver to stop his vehicle and all occupants to exit the vehicle. They all complied, including Plaintiff George Butler.

15. After defendant officers observed that the passengers of the vehicle, they yelled racial epithets and the like at them.

16. Next, defendant officers arrested the driver of the vehicle and then ordered George and his friends to leave the area on foot. In doing so, the defendant officers laughed and stated George and his friends would be left to the mercy of the gang members in the area.

17. Frightened by the defendant officer's remarks, George attempted telephone his mother to ask her for a ride home. Also, he informed the defendant officers that he was frightened and unfamiliar with the area.

18. At that time, defendant officers without justification or provocation began to beat George. The defendant officers repeatedly slammed George's head against a brick wall and beat him about his body with a night stick.

19. Eventually, George and his friend made it to a gas station in the area. Shortly after arriving at the gas station, George collapsed and had a seizure.

20. George was rushed to the hospital and was treated for multiple injuries.

## COUNT I
### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

1-20 Plaintiff alleges and realleges paragraphs 1 through 20 as fully set forth above.

21. As a result of the unreasonable and unjustifiable attack on George Butler, he suffered both physical and emotional injuries.

22. This unreasonable and unjustifiable beating of the Plaintiff George Butler by defendant officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor was a direct and proximate cause of his pain, suffering and mental anguish. This act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff demand $50,000 in compensatory damages against Defendant Police Officers because the Defendants acted maliciously, willfully and/or wantonly, $30,000 individually in punitive damages, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT II
### (42 U.S.C. SECTION 1983- ILLEGAL DETENTION)

1-20. Plaintiff George Butler alleges and realleges paragraphs 1 through 20 as full set forth herein.

21. The above acts of the Defendant Officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor were willfully and wantonly done without probable cause and was a direct and proximate cause of George Butler pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff George Butler seeks $25,000 in actual or compensatory damages against Defendant Officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor individually and because they acted maliciously, willfully and/or wantonly, $15,000 in punitive damages against Officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor individually.

### COUNT III
### (SUPPLEMENTAL STATE CLAIM FOR ASSAULT AND BATTERY)

1-20. Plaintiff George Butler alleges and realleges paragraphs 1 through 20 as though fully set forth herein.

21. The acts of the Defendant Officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor, described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE**, Plaintiff demands judgment against each Defendant Officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor, individually an the

21. The aforesaid acts of Defendant Officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor, in beating and illegal detaining George Butler were done within the scope of their employment as Chicago police officers, were willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE**, Plaintiff George Butler demand judgment against defendant City Of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

*/s/ Standish Willis*
Standish E. Willis
Attorney for Plaintiff

Dated: 02/24/04

The Law Office of Standish E. Willis
407 S. Dearborn
Suite 1395
Chicago, Illinois 60605
(312) 554-0005