# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 03 C 4786 |
| v. | ) |
| | ) Magistrate Judge Keys |
| CITY OF CHICAGO, et. al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING

To: Standish E. Willis
407 S. Dearborn, Ste. 1395
Chicago, IL 60605

**PLEASE TAKE NOTICE** that on March 19, 2004, I have filed with the Clerk of the above Court the **DEFENDANT CITY OF CHICAGO'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT**, a copy of which is attached hereto and herewith served upon you.

_____
Christopher M. Murray
Assistant Corporation Counsel

City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, IL 60602
(312) 744-9653
Attorney No. 6244700

## CERTIFICATE OF SERVICE

I, Christopher Murray, an attorney, certify that I served this Answer on Plaintiff by placing a copy in an envelope addressed to his attorney at the above address, postage prepaid, and depositing it in the U.S. Mail, at 30 North LaSalle Street, Suite 900, at or before 5:00 p.m. on March 19, 2004.

_____
Christopher M. Murray

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE BUTLER, | ) |
| Plaintiff, | ) |
| | ) No. 03 C 4786 |
| v. | ) |
| | ) Magistrate Judge Keys |
| CITY OF CHICAGO, et. al., | ) |
| Defendants. | ) |

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT

Defendant City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel, answers Plaintiff George Butler's Amended Complaint as follows:

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331 and 1343(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**ANSWER:** **The City admits jurisdiction is properly before this Court.**

## PARTIES

2. Plaintiff George Butler, *[sic]* is an African-American male and citizen of the United States, and resident of Chicago, Illinois.

**ANSWER:** **The City admits that Plaintiff is an African-American male. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

3. Defendant Officer Caterino, *[sic]* is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their *[sic]* employment and under color of law. Defendant Officer Rene Espericueta is being sued individually.

**ANSWER:** **The City admits that Chicago Police Officer Catarino Garza (Star #13251) is a**

police officer employed by the City who was acting within the scope of his employment and under color of law on the date of the incident alleged in this Amended Complaint when he and his partner were flagged down by a person who related to them that a man was laying on the ground at a BP gas station on Cermak and Ashland. At the scene, Officer Garza and/or his partner requested medical assistance for Plaintiff. The City further admits that Defendant Chicago Police Officer Rene Espericueta is being sued individually. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

4. Defendant Officer Rene Espericueta, Star# 4490, is a police officer employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and color of law. Defendant Officer Rene Espericueta is being sued individually.

ANSWER: The City admits that Defendant Chicago Police Officer Rene Espericueta (Star #4490) is a police officer employed by the City who was assigned to 18th Street foot patrol on the date of the incident alleged in this Amended Complaint. The City further admits that he is being sued individually. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

5. Defendant Officer Alex Errum, Star# 15413, are police officers *[sic]* employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their *[sic]* employment and under color of law. Defendant Officer Alex Errum is being sued individually.

ANSWER: The City admits that Defendant Chicago Police Officer Alex Errum (Star #15413) is a police officer employed by the City. The City further admits that he is being sued individually. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6. Defendant Officer Garza, Star# 13251, are police officers *[sic]* employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their *[sic]* employment and under color of law. Defendant Officer Garza is being sued individually.

**ANSWER:** **The City admits that Chicago Police Officer Catarino Garza (Star #13251) is a police officer employed by the City who was acting within the scope of his employment and under color of law on the date of the incident alleged in this Amended Complaint when he and his partner were flagged down by a person who related to them that a man was laying on the ground at a BP gas station on Cermak and Ashland. At the scene, Officer Garza and/or his partner requested medical assistance for Plaintiff. The City further admits that Officer Garza is being sued individually. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

7. Defendant Officer Leopoldo Morales, Star #4779 are police officers *[sic]* employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their *[sic]* employment and under color of law. Defendant Officer Morales is being sued individually.

**ANSWER:** **The City admits that Defendant Chicago Police Officer Morales (Star #4779) is a police officer employed by the City who was acting within the scope of his employment and under color of law on the date of the incident alleged in this Amended Complaint when he and his partner were flagged down by a person who related to them that a man was laying on the ground at a BP gas station on Cermak and Ashland. At the scene, Officer Morales and/or his partner requested medical assistance for Plaintiff. The City further admits that Defendant Chicago Police Officer Morales is being sued individually. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

8.      Defendant Officer Joseph O'Connor, *[sic]* are police officers *[sic]* employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their *[sic]* employment and under color of law. Defendant Joseph O'Connor is being sued individually.

**ANSWER:   The City admits that Defendant Chicago Police Officer Joseph O'Connor (Star #10231) is a police officer employed by the City. The City further admits that he is being sued individually. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

9.      Defendant Officer Edward Pakula, *[sic]* are police officers *[sic]* employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their *[sic]* employment and under color of law. Defendant Officer Edward Pakula is being sued individually.

**ANSWER:   The City admits that Defendant Chicago Police Officer Edward Pakula (Star #18787) is a police officer employed by the City who was acting within the scope of his employment under color of law on the date and time of the incident alleged in this Amended Complaint. The City further admits that he is being sued individually. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

10.     Defendant Officer Henry Perez , *[sic]* are police officers *[sic]* employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their *[sic]* employment and under color of law. Defendant Officer Henry Perez is being sued individually.

**ANSWER:   The City admits that Defendant Chicago Police Officer Henry Perez (Star #10947) is a police officer employed by the City. The City further admits that he is being sued individually. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

11. The City of Chicago, *[sic]* is a municipal corporation within the State of Illinois, and was at all times material to this Complaint, the employer of defendant police officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor.

**ANSWER:** **The City admits these allegations. Further answering, the City states that it is a local governmental entity under Illinois law.**

## FACTS

12. On March 18, 2003, in the evening, Plaintiff George Butler was out with his friends and acquaintances driving in the area of 18th and Ashland in Chicago, Illinois.

**ANSWER:** **The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

13. While they were driving, passengers of an unknown vehicle threw an object at the vehicle in which George was a passenger. The driver of that vehicle began to pursue the unknown vehicle.

**ANSWER:** **The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

14. Eventually, defendant officers observed this pursuit and ordered the driver to stop his vehicle and all occupants to exit the vehicle. They all complied, including Plaintiff George Butler.

**ANSWER:** **The City admits that one or more of the Defendant Chicago Police Officers stopped a vehicle containing Plaintiff on March 17, 2003, upon observing it chase another vehicle. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

15. After defendant officers observed that the passengers of the vehicle, *[sic]* they yelled racial epithets and the like at them.

**ANSWER:** **The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

5

16. Next, defendant officers arrested the driver of the vehicle and then ordered George and his friends to leave the area on foot. In doing so, the defendant officers laughed and stated George and his friends would be left to the mercy of the gang members in the area.

**ANSWER: The City admits that one or more of the passengers of the vehicle left the scene on foot. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

17. Frightened by the defendant officer's remarks, George attempted *[sic]* telephone his mother to ask her for a ride home. Also, he informed the defendant officers that he was frightened and unfamiliar with the area.

**ANSWER: The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

18. At that time, defendant officers without justification or provocation began to beat George. The defendant officers repeatedly slammed George's head against a brick wall and beat him about his body with a night stick.

**ANSWER: The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

19. Eventually, George and his friend made it to a gas station in the area. Shortly after arriving at the gas station, George collapsed and had a seizure.

**ANSWER: The City admits that in the evening of March 17, 2003, Plaintiff and four other individuals were at a gas station at 1602 West Cermak Road, Chicago, Illinois. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

20. George was rushed to the hospital and was treated for multiple injuries.

**ANSWER: The City admits that Plaintiff was transported to UIC Hospital from the scene. The City lacks information sufficient to form a belief as to the truth of the remaining**

allegations contained in this paragraph.

## COUNT I
## (42 U.S.C. SECTION 1983 - EXCESSIVE FORCE CLAIM)

1-22. Count I is not directed to the City. As such, no answers are made to the allegations contained in this count.

## COUNT II
## (42 U.S.C. SECTION 1983 - ILLEGAL DETENTION)

1-21. Count II is not directed to the City. As such, no answers are made to the allegations contained in this count.

## COUNT III
## (SUPPLEMENTAL STATE CLAIM FOR ASSAULT AND BATTERY)

1-21. Count III is not directed to the City. As such, no answers are made to the allegations contained in this count.

## COUNT VI[1]
## (FAILURE TO PREVENT CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. SEC. 1983 AGAINST) *[sic]*

1-23. Count VI is not directed to the City. As such, no answers are made to the allegations contained in this count.

## COUNT VII
## (RESPONDENT SUPERIOR *[sic]* UNDER ILLINOIS LAW / CITY OF CHICAGO)

1-20. Plaintiff George Butler alleges and realleges paragraphs 1 through 20 as fully set forth herein.

**ANSWER:** **The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.**

21. The aforesaid acts of Defendant Officers Errum, Espericueta, Garza, Pakula, Perez, Morales and O'Connor, in beating and illegal *[sic]* detaining George Butler were done within the scope of their employment as Chicago police officers, were willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of

---

[1] The Amended Complaint skips Counts IV and V.

7

respondent superior *[sic]*.

**ANSWER: The City admits that Illinois statute provides in relevant part that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102 (2002). The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Amended Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Act"), the City is not liable to Plaintiff if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109 (2002).

2. Under the Act, to the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2002).

3. Under the Act, a public employee acting within the scope of his employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the

8

Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

5. Plaintiff has a duty to mitigate any of his claimed injuries or damages in this case, and to the extent he has failed to do so, any verdict or judgment he obtains must be reduced accordingly.

## JURY DEMAND

The City requests trial by jury.

Respectfully submitted,

Mara S. Georges
Corporation Counsel

By: _____

Christopher M. Murray
Assistant Corporation Counsel

30 N. LaSalle St., Suite 900
Chicago, Illinois 60602
(312) 744-9653
Attorney No. 06244700